**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND
LITIGATION,

This document relates to:

1:18-cv-05147, 1:18-cv-05150, 1:18-cv-05151, 1:18-cv-05158,
1:18-cv-05164, 1:18-cv-05180, 1:18-cv-05183, 1:18-cv-05185,
1:18-cv-05186, 1:18-cv-05188, 1:18-cv-05189, 1:18-cv-05190,
1:18-cv-05192, 1:18-cv-05193, 1:18-cv-05194, 1:18-cv-05307.

MASTER DOCKET
1:18-md-02865 (LAK)

---

**MEMORANDUM OF LAW IN SUPPORT**
**THE LAW FIRM OF POULOS LOPICCOLO PC'S**
**MOTION SEEKING LEAVE TO WITHDRAW AS COUNSEL TO**
**DEFENDANTS GAVIN CRESCENZO AND HIS ASSOCIATED PENSION PLANS**

---

**POULOS LOPICCOLO, PC**
1460 Broadway
15th Floor, Suite No. 15003
New York, New York 10036
Tel: (732) 757-0165
Fax: (732) 358-0180
Email: lopiccolo@pllawfirm.com

Poulos LoPiccolo PC ("PLPC"), counsel of record for Defendants Gavin Crescenzo, The

Aria Pension Plan, The Belforte Pension Plan, The Bravos Advisors 401K Plan, The Costello

Advisors Pension Plan, The Eskin Pension Plan, The Fieldcrest Pension Plan, The Westport

Advisors LLC 401K Plan, The Kodiak Capital Pension Plan, The Kyber Pension Plan, The Lerici

Capital Pension Plan, The Ludlow Holdings 401K Plan, The Regoleth Pension Plan, The Saba

Capital LLC 401K Plan, The West River Pension Plan, The Stark Pension Plan, and The Krabi

Holdings LLC 401K Pla (collectively the "Crescenzo Defendants"), respectfully submits this

Memorandum of Law and the accompanying Declaration of Joseph LoPiccolo, Esq. ("LoPiccolo

Decl."), in support of its motion granting PLPC (including all attorneys employed by PLPC) leave

to withdraw as counsel for all of the above-mentioned Defendants.

## FACTUAL BACKGROUND

**A.     Procedural Background.**

On May 28, 2021, PLPC, by and through Joseph LoPiccolo, Esq., filed an Omnibus Notice

of Appearance on behalf of the aforementioned Crescenzo Defendants, as well as other Defendants

within this MDL. See ECF No. 603. On June 3, 2021, PLPC filed a motion for Helene Müller

Schwiering to appear *pro hac vice* in a limited capacity. See ECF No. 614. Ms. Schwiering is the

Defendants' self-described "global" counsel; the motion was denied by this Court on June 4, 2021.

See ECF No. 616.[1]

On October 5, 2021, PLPC appeared before the Court at a pre-summary judgment Status

Conference. See ECF No. 662. By letter dated March 25, 2022, PLPC requested a Settlement

Conference or similar relief from the Court in certain cases being handled by the law firm. See

ECF No. 760. On March 29, 2022, the Court referred those cases for a settlement conference before

the Honorable Robert W. Lehrburger, U.S.M.J. See ECF No. 757. PLPC participated in that

settlement conference with Judge Lehrburger on May 17, 2022. None of the Crescenzo Defendants

were parties during the settlement conference.

Finally, on April 22, 2022, the bellwether parties began filing their respective summary

judgment motions, oppositions and replies. See ECF Nos. 790; 798-809; 816-817; 818-823; 824-

---

[1] Ms. Schwiering has claimed she is "close" to settling the Defendants' cases in Denmark. PLPC does not know what that means.

826; 831-836; 837-842; 843-846; 847; 853-854; and 861-862.  None of the Crescenzo Defendant

cases were selected as bellwether cases for summary judgment.  PLPC was actively involved in

the summary judgment process.

The Court has not yet ruled on the bellwether summary judgment motions and accordingly,

no trial dates have been fixed for *any* cases within the MDL, let alone the Crescenzo Defendants'

cases.

### B.    Bases for Withdrawal.

The bases justifying PLPC's withdrawal from this matter are set forth in detail in the

LoPiccolo Declaration, which PLPC has sought to file under seal for in camera review. *See, e.g.*,

*Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y.

Jan. 23, 2012) ("'[D]ocuments in support of motions to withdraw as counsel are routinely filed

under seal where necessary to preserve the confidentiality of the attorney-client relationship

between a party and its counsel, and ... this method is viewed favorably by the courts.'") (*quoting*

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger*

*v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y.

Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to

consider in camera submissions in order to prevent a party from being prejudiced by the application

of counsel to withdraw.").

### <u>ARGUMENT</u>

### A.    Legal Standard.

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . .
> may not withdraw from a case without leave of the court granted by
> order. Such an order may be granted only upon a showing by
> affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if

any, on the calendar, and whether or not the attorney is asserting a
retaining or charging lien. All applications to withdraw must be
served upon the client and (unless excused by the Court) upon all
other parties.

In considering a motion for withdrawal of counsel, District Courts analyze two factors: (1)
the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding.
*Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT), 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30,
2013) (*citing Blue Angel Films. Ltd. v. First Look Studios. Inc.*, No. 08 Civ 6469 (DAB) (JCF),
2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). "Whether to grant or deny a motion to
withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F.
Supp. 2d 258, 264 (E.D.N.Y. 2010) (*quoting In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y.
2002)).

**B.      Satisfactory Reasons Exist for Counsel's Withdrawal.**

"It is well-settled that a lawyer may seek to withdraw when the client renders it
unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde
Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (internal quotation marks
omitted). "Satisfactory reasons" for withdrawal include "failure to pay legal fees, a client's lack of
cooperation – including lack of communication with counsel, and 'the existence of an
irreconcilable conflict between attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter
Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15,
2005) *(quoting Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839 (RPP)
(AJP), 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997)); *see also Naguib v. Pub. Health Sols.*,
No. 12 Civ. 2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting
motion to withdraw where the plaintiff refused to communicate and cooperate with counsel); *Liang
v. Lucky Plaza Rest.*, No. 12. Civ. 5077 (PAC) (GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July

17, 2013) (granting motion to withdraw where the plaintiff refused to cooperate in the prosecution of his case); *Munoz v. City of New York*, No. 04 Civ. 1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding plaintiff's counsel demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between [counsel] and the plaintiff"); *Fischer v. Biman Bangladesh Airlines*, No. 96 Civ. 3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" to grant withdrawal. *Diarama Trading*, 2005 WL 1963945, at *2; *see also McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw where the "relationship between the parties has deteriorated beyond repair," although fault for that deterioration was disputed).

In this case, PLPC respectfully submits that the circumstances set forth above and in the LoPiccolo Declaration are sufficient to permit PLPC to withdraw from representing the Defendants. Mr. Crescenzo has refused to discuss his cases with our firm for over one year despite repeated requests to do so. Further, as described in more detail in the LoPiccolo Declaration, he continues to meet and confer and take the advice of non-US attorneys and consultants over ours which in many instances conflicts with our advice and recommendations. This failure to communicate with Mr. LoPiccolo and instead take the advice and recommendations from non-US attorneys and foreign consultants over ours caused the attorney client relationship to deteriorate beyond repair. Finally, Mr. Crescenzo has represented that due to his dire financial situation, he cannot pay his outstanding balance for legal fees and cannot pay for any legal work going forward.

**C.      Poulos LoPiccolo PC Does Not Seek a Charging Lien Pursuant to Local Civ. R. 1.4.**

Counsel states that they do not seek a charging lien in connection with their representation of Defendants.

<u>**CONCLUSION**</u>

For the foregoing reasons, PLPC requests that the Court grant its motion and permit PLPC (including all attorneys employed by PLPC) to withdraw as counsel for Defendants.

Dated: June 26, 2023

POULOS LOPICCOLO, PC

_____*s/ Joseph LoPiccolo*_____
JOSEPH LOPICCOLO, ESQ.
1460 Broadway
15th Floor, Suite No. 15003
New York, New York 10036
Tel: (732) 757-0165
Fax: (732) 358-0180
Email: lopiccolo@pllawfirm.com

*Attorneys for the Defendants*